UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOBY RHODES,

        Plaintiff,                                             No. 19-12550

v.                                                        Honorable Nancy G. Edmunds

KENSON SIVER, *et al.*,

        Defendants.

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING IN PART THE MAGISTRATE JUDGE'S FEBRUARY 1, 2021 REPORT AND RECOMMENDATION [21], DISMISSING ALL CLAIMS AND FURTHER DISMISSING CLAIMS AGAINST DEFENDANT CURTIS ELLIOTT MOSLEY FOR FAILURE TO SHOW CAUSE FOR LACK OF SERVICE**

The matter is before the Court on the Magistrate Judge's February 1, 2021 report and recommendation to grant in part and deny in part Defendant Ollie Mae Colvard's motion to dismiss (ECF No. 14), and to dismiss sua sponte some claims against Defendants Kenson Siver and Curtis Elliott Mosley. (ECF No. 21.) Defendant Kenson Siver has filed two objections to the Magistrate Judge's report and recommendation, and Defendant Ollie Mae Colvard filed a concurrence in the objections. (ECF Nos. 23, 24.) Plaintiff did not file objections and has not responded to Defendants' objections. Having conducted a *de novo* review of the portions of the Magistrate Judge's report and recommendation to which specific objections have been filed, the Court ADOPTS IN PART the report and recommendation (ECF No. 21). As a result, the Court dismisses Plaintiff's claims against Defendants.

1

### I. Plaintiff's Failure To Serve Defendant Mosley And Failure To Show Cause

As an initial matter, Plaintiff has not filed a certificate of service showing service of the summons and complaint on Curtis Elliott Mosley. On January 28, 2021, the Magistrate Judge ordered Plaintiff to show cause for his failure to serve Mosley with the complaint and summons issued on February 10, 2020. Pursuant to Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be made within 90 days after filing the complaint. The Magistrate Judge gave Plaintiff until February 18, 2021 to show cause in writing why the complaint against Mosley should not be dismissed for failure to timely serve. Plaintiff has failed to show cause as directed by the Court and the complaint against Mosley is dismissed without prejudice. Fed. R. Civ. P. 4(m).

### II. Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

### III. Analysis

The Magistrate Judge recommends that all claims against Defendants be dismissed except for those claims alleging voter intimidation. The Magistrate Judge recommends finding that Plaintiff's complaint states a claim under 52 U.S.C. § 10307(b), the Voting Rights Act (VRA). No party has objected to the Magistrate

Judge's proposed findings and recommendations related to the claims that do not involve voter intimidation. While the Court is only required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to," it is worth noting that the Court nevertheless agrees with the Magistrate Judge on those claims which the Magistrate Judge recommends dismissing. The Court adopts the Magistrate Judge's recommendations regarding those claims that are not the voter intimidation claims.

The sole objections at issue are Defendant Siver's objections, concurred in by Defendant Colvard, related to the Magistrate Judge's finding that Plaintiff states a claim under 52 U.S.C. § 10307(b), the Voting Rights Act. (ECF Nos. 23, 24.) The Magistrate Judge concluded that "accepting [Plaintiff's] claims as true and liberally construing them because of this *pro se* status, the Court finds that [he] has stated a claim of voter intimidation under 11(b) of the Voting Rights Act (VRA), 52 U.S.C. 10307(b)." (ECF No. 21 at 9.) Defendants object that no private cause of action for damages exists under the Voting Rights Act. (Objs. at 2, ECF No. 23.) Defendants rely on a case in which the Sixth Circuit considered "a statute nearly identical to" that at issue here. However, there are several cases that specifically address the Voting Rights Act and find that a private cause of action exists, despite the Act's grant of enforcement authority to the Attorney General.

The Magistrate Judge correctly relied on a recent case from the Southern District of New York to find that "Section 11(b) undoubtedly applies to private conduct, and private individuals are subject to its prohibitions." *National Coalition on Black Civic Participation v. Wohl*, 2020 WL 6305325, at *12, __ F.Supp.3d __ (S.D.

3

N.Y. 2020). "Consistent with Section 11(b)'s broad reach, both the government and private parties may sue to enforce Section 11(b)." *Id.* at *13 ("Defendants contend that Section 11(b) affords no private right of action. That is incorrect.") (citing *Arizona Democratic Party v. Ariz. Republican Party,* No. 16 Civ. 03752, 2016 WL 8669978, at *11 (D. Ariz. Nov. 4, 2016)). "The statute does not exclude a private right to injunctive relief, . . . ." *Arizona Democratic Party,* 2016 WL 8669978, at *4. "Congress did not intend to foreclose private causes of action by *also* granting the Attorney General enforcement authority." *Mi Familia Vota v. Abbott*, 2020 WL 6304991, at *19, __ F.Supp.3d __ (W.D. Texas 2020) (citation omitted) (emphasis in original).

But while the Act provides a private cause of action, Defendants' objection in full is that the VRA does not provide a private cause of action *for damages*. Plaintiff's request for relief is as follows: "PLAINTIFF request(s) $500,000 in compensatory and punitive damages from Defendants for their actions against me and anything else the court decides is appropriate." (Compl. 8, ECF No. 1.) Multiple courts have concluded that the VRA "does not specify any statutory damage remedies." *Olagues v. Russoniello*, 770 F.2d 791, 805 (9th Cir. 1985) ("The legislative history nowhere suggests any action for damages, but instead observes that a private litigant is entitled to "the same remedy" as the Attorney General, as well as attorneys' fees as in 42 U.S.C. §§ 1981–1988."); and *Estes v. Gaston*, 2012 WL 6645609 (D. Nev. Nov. 26, 2012) (Noting that "[t]he Ninth Circuit has upheld a decision finding that there is no implied private action under the Voting Rights Act for damages.").

4

Even when construing Plaintiff's complaint liberally, because he represents himself without counsel, the Court cannot find that Defendant's complaint seeks additional relief, where the Court finds no references within to support the same. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); and *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012). Plaintiff specifically asks for monetary damages and "such other relief" yet there are no references within his complaint that would support a finding that he states a claim for relief available under the VRA, nor is it evident from his allegations what non-financial relief would be an appropriate and available remedy in this instance.[1]

Finally, Defendants object that the Magistrate Judge erred in finding that Plaintiff stated a claim under 52 U.S.C. § 10307(b) because this section of the VRA is unconstitutional as applied to the actions of a private individual in a purely local election. (Defs.' Obj. 2, ECF No. 23.) The Court need not reach this objection where it has found that Plaintiff has not stated a claim for relief available under the VRA. The Court finds that Plaintiff has failed to state a claim under the VRA.

---

[1] Plaintiff's allegation that in response to the actions of the Defendants, he "retreated" and "left" a voting site "without casting [his] vote in the election" is a serious one. (Compl. at 7.) It is worth noting that the VRA contains a provision by which a person may allege to an election observer, "within forty-eight hours after the closing of the polls" that they have not been permitted to vote, and "the observer shall forthwith notify the Attorney General if such allegations in his opinion appear to be well founded. Upon receipt of such notification, the Attorney General may forthwith file with the district court an application for an order providing for the marking, casting, and counting of the ballots of such persons and requiring the inclusion of their votes in the total vote before the results of such election shall be deemed final and any force or effect given thereto." 52 U.S.C. § 10308(e). Plaintiff filed these claims 21 months--nearly two years--after the activities he alleged took place.

### IV. Conclusion

IT IS HEREBY ORDERED that the Court ACCEPTS AND ADOPTS IN PART the Magistrate Judge's report and recommendation (ECF No. 21) as set forth herein.

IT IS FURTHER ORDERED that Curtis Elliott Mosley is dismissed from this action; Defendant Colvard's motion to dismiss (ECF No. 14) is granted; the claims against Defendants are dismissed with prejudice; and Plaintiff's complaint is dismissed with prejudice.

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: March 10, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 10, 2021, by electronic and/or ordinary mail.

> s/Lisa Bartlett
> Case Manager